UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMEL BURT,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　Defendants, | Case No. 3:24-CV-02255-CAB<br><br>**ORDER DISMISSING COMPLAINT**<br><br>[Doc. Nos. 6, 13] |

On March 4, 2024, Plaintiff Jamel Burt filed a lawsuit against Defendants Officer Nicolai Ramos and the County of San Diego alleging Section 1983 claims of excessive force, retaliation, false arrest, and two state law claims. [Case No. 24-cv-00662-CAB-VET ("*Burt I*"); *see generally* Compl. at 3–7.] On December 3, 2024, Plaintiff Burt filed another case against the County of San Diego and Officers Alcarion, Glisson, Perkins, Nevins, and Does 1–5 (in their individual capacities). [Case No. 24-cv-02255-CAB-VET (*Burt II*).] In this case, he alleges Section 1983 failure to train, failure to supervise, and failure to discipline claims against the named Officer Defendants and a *Monell* liability claim against the County. The County filed a motion to dismiss, urging, among other things, that the second lawsuit was impermissible claim splitting. [Doc. No. 6.] The Court agrees.

1

The Court takes the alleged material facts as true and construes them in the light most favorable to Plaintiff. *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007). The facts alleged in both lawsuits are almost identical. Both relate to a December 18, 2022 investigative stop in San Diego County allegedly involving Plaintiff and Officer Nicolai Ramos. [Compl. ¶¶ 15–26.] During that stop, Plaintiff claims that he was handcuffed and viciously slammed into the concrete because, according to him, Plaintiff refused to answer Officer Nicolai's questions. [*See id.*]

The facts in *Burt II*, although naming additional Officer Defendants on failure to train/supervise type theories, are the same as alleged in *Burt I*. The County is named in both. This raises the issue of impermissible claim splitting. Claim splitting bars a party from subsequent litigation where the "same controversy" exists. *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007), *overruled on other grounds in Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Improper claim splitting warrants dismissal. *See Single Chip Sys. Corp. v. Intermec IP Corp.,* 495 F. Supp. 2d 1052,1065 (S.D. Cal. 2007); *Kehano v. Hawaii*, 202 F. App'x 208, 209 (9th Cir. 2006) (unpublished) (affirming dismissal of claims as duplicative of pending claims in a separate action).

To determine if the doctrine of (anti) claim splitting applies, the Ninth Circuit imports the test for issue preclusion. *Adams*, 487 F.3d at 689; *see Single Chip Sys. Corp.* 495 F. Supp. 2d at 1058. No final judgment in the first suit is required. *Single Chip Sys. Corp., 495 F. Supp. 2d at 1058*. The test for claim preclusion follows:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982). "The last of these criteria is the most important." *Id.* at 1202. Additionally, the parties in the first litigation must be the same as in the second or be in privity. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051–52 (9th Cir. 2005).

Both cases involve alleged violations of the same claimed right: freedom from excessive force and retaliation under the Fourth Amendment.[1] A finding that Officer Ramos did not violate Plaintiff's Fourth Amendment rights in *Burt I* would defeat the *Monell* and failure to train/supervise/discipline claims in *Burt II*. Both require a violation of a constitutional right at issue—one that does not differ from the first case to the second because the alleged violation originates from the exact same fact pattern (the traffic stop involving Officer Ramos). The first, second, and fourth (most important) factors all clearly favor Defendants.

In *Burt II*, Plaintiff adds additional officers which may implicate separate evidence relating to various training procedures to establish failure to train/supervision claims. But the core facts will remain the same: if Plaintiff cannot prove that his rights were violated at the traffic topic, he cannot sustain his claims against the County or the newly added officers. The second preclusion factor also favors Defendants.

Next is the question of privity. *Burt I* named the County but *Burt II* named additional Officer Defendants. "[P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081–82 (9th Cir. 2003). Privity may exist when there is "substantial identity" between parties or "sufficient commonality of interest." *Id.* at 1082. In the context of claim splitting, the privity requirement is met where there was "virtual representation" of the party in the initial action, including "an identity of interests and adequate representation." *Adams*, 487 F.3d at 691.

The complaint recognizes that the Officer Defendants were employed by the County at the time of the traffic stop in question. [Compl. ¶¶ 7–10.] The claims in *Burt II* involve

---

[1] Although Plaintiff seeks to establish liability through the Fourteenth Amendment, [Compl. ¶ 27], excessive force claims in the context of an investigative stop falls under the Fourth Amendment. *A. K. H by & through Landeros v. City of Tustin*, 837 F.3d 1005, 1010 (9th Cir. 2016). Excessive force under the Fourteenth Amendment may apply to confined/committed individuals in certain contexts. *See Youngberg v. Romeo*, 457 U.S. 307, 315-16, (1982); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016). Plaintiff alleges no facts corresponding to such a fact pattern.

liability based on the alleged supervisory authority of these officers over Officer Ramos (named in *Burt I*). This alleged "close relationship" between the Defendants is indicative of privity. *See Irwin v. Mascott*, 370 F.3d 924, 930 (9th Cir. 2004). Moreover, the interests of the County in *Burt I* are completely aligned with the interests of the Officer Defendants in *Burt II*. All Defendants share an interest in disproving that any constitutional violation plagued the December 18, 2022 investigative stop of Plaintiff. The Court is not persuaded by Plaintiff's argument that those interests somehow differ since the Officer Defendants are sued in their individual capacities.

In this context, given the one-to-one factual overlap and the alleged constitutional violation's genesis in that fact pattern, a dismissal of *Burt I* would necessarily require dismissal in *Burt II*. This is exactly what the doctrine of claim splitting guards against. Should Plaintiff seek leave to amend *Burt I*, the Court also must highlight the following pleading deficiencies as it relates to the Officer Defendants in *Burt II*.[2]

First, as it relates to the failure to train action, the Plaintiff must prove that the officials were deliberately indifferent to the needs of their subordinates, and that failure to train caused the complained of constitutional harm. *Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1158–59 (9th Cir. 2014) (citing *Connick v. Thompson*, 563 U.S. 51, 59 (2011)). As Defendants point out, there is no allegation in the complaint that any of the Officer Defendants were deliberately indifferent to the needs of their subordinates.

Moreover, any connection the Officer Defendants had to the constitutional harms claimed is alleged in a conclusory fashion. To successfully plead a Section 1983 claim, Plaintiff must set forth facts that each defendant personally violated his constitutional rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This requires an "individualized" assessment of causality to attribute conduct (or lack thereof) that allegedly forms the basis of a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th

---

[2] Officer Defendants raise these arguments in their motion to dismiss, [Doc. No. 13], to which the Plaintiff has not yet responded.

Cir. 1988). Based on the complaint, it is unclear how any of the Officer Defendants violated Plaintiff's constitutional rights.[3] *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights.").

The failure to supervise cause of action suffers from the exact same deficiencies. Plaintiff has not provided sufficient facts indicating how the Officer Defendants failed to individually supervise Officer Ramos. *See Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (explaining that a supervisor-liability theory under Section 1983 requires a showing of personal involvement in the deprivation and a sufficient causal connection to the supervisor's wrongful conduct).

Similarly, the failure to discipline claim falls short because Plaintiff has not alleged any facts that show how the Officer Defendants ratified Officer Ramos's conduct other than the conclusory allegation that they have failed to conduct proper investigations and render appropriate supervision. [Compl. ¶ 65]; *see Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991) (requiring ratification of unconstitutional conduct). None of the claims against the Officer Defendants contain sufficient facts for this Court to analyze the Officer Defendants' individual causal relationship to any alleged constitutional violation. Any proposed amendment in *Burt I*, if seeking to add Defendants, should aim to rectify these pleading shortcomings.

This case is dismissed with leave to amend for impermissible claim splitting. Any amendment here would require the overhaul of the core pleaded facts. The Court will consider an amended complaint in *Burt I* by a motion seeking appropriate leave.

---

[3] The same applies to the Doe Defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citing *Wiltsie v. California Department of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968)). Plaintiff provides no facts indicating what individual involvement any Doe Defendant had relating to the constitutional claims at issue. *See Leer*, 844 F.2d at 633 (explaining that a Section 1983 claim requires an "individualized" assessment of causality).

Nevertheless, should the Plaintiff seek amendment in this case, an amended complaint must be filed by April 9, 2025.

It is **SO ORDERED**.

Dated:  March 26, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge